**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMY ELECTRIC, INC., | : | Case No. 18-51225 |
| | : | |
| | : | Judge Preston |
| Debtor and Debtor in Possession. | | |

SECOND AMENDED PLAN OF REORGANIZATION OF

AMY ELECTRIC, INC.

Dated:  October 26,  2018

# TABLE OF CONTENTS

ARTICLE 1. DEFINITIONS ...............................................................................................1

   1.1.   "Administrative Claim"................................................................................1

   1.2.   "Administrative Bar Date"...........................................................................1

   1.3.   "Affiliate".....................................................................................................1

   1.4.   "Allowed".....................................................................................................1

   1.5.   "Allowed Claim" .........................................................................................2

   1.6.   "Ballot" ........................................................................................................2

   1.7.   "Bankruptcy Code".....................................................................................2

   1.8.   "Bankruptcy Court".....................................................................................2

   1.9.   "Bankruptcy Rules".....................................................................................2

   1.10.  "Business Day"............................................................................................2

   1.11.  "Cash"...........................................................................................................2

   1.12.  "Causes of Action"......................................................................................2

   1.13.  "Chapter 11 Case".......................................................................................2

   1.14.  "Claim" ........................................................................................................2

   1.15.  "Claims Bar Date" ......................................................................................2

   1.16.  "Claims Objection Deadline" .....................................................................3

   1.17.  "Class"..........................................................................................................3

   1.17B. "Confirmation" ...........................................................................................3

   1.18.  "Confirmation Date" ...................................................................................3

   1.19.  "Confirmation Hearing"..............................................................................3

   1.20.  "Confirmation Order" .................................................................................3

   1.21.  "Debtor".......................................................................................................3

   1.22.  "Disclosure Statement"...............................................................................3

   1.23.  "Disputed Claim" ........................................................................................3

   1.24.  "Distribution" ..............................................................................................3

   1.25.  "Effective Date" ..........................................................................................4

   1.26.  "Effective Date Cash".................................................................................4

   1.27.  "Entity"........................................................................................................4

   1.28.  "Estate"........................................................................................................4

   1.29.  "Estate Assets".............................................................................................4

   1.30.  "Executory Contract"..................................................................................4

   1.31.  "Final Decree" .............................................................................................4

   1.32.  "Final Distribution".....................................................................................4

1.33. "Final Order" ................................................................................................4

1.34. "General Unsecured Claim" .............................................................................4

1.35. "Holder" .......................................................................................................4

1.36. "Impaired" .....................................................................................................4

1.37. "Initial Distribution Date" ...............................................................................4

1.38. "Insider" .......................................................................................................4

1.39. "Insider Claim" ...............................................................................................4

1.40. "Interest" .......................................................................................................5

1.41. "Lien" ............................................................................................................5

1.42. "Person" .........................................................................................................5

1.43. "Petition Date" ...............................................................................................5

1.44. "Plan" ............................................................................................................5

1.45. "Priority Tax Claim" .......................................................................................5

1.46. "Professional" .................................................................................................5

1.47. "Professional Fee Claim" .................................................................................5

1.48. "Pro Rata" ......................................................................................................5

1.49. "Reinstated" or "Reinstatement" .......................................................................5

1.50. "Rejection Claims" ..........................................................................................6

1.51. "Reorganized Debtor" ......................................................................................6

1.53. " Retained Actions" .........................................................................................6

1.54. "Schedules" ....................................................................................................6

1.55. "Secured Claim" ..............................................................................................6

1.56. "Subordinated Claim" ......................................................................................6

1.57. "Unclaimed Distribution" .................................................................................6

1.58. "Unimpaired" ..................................................................................................6

1.59. "Voting Deadline" ...........................................................................................6

1.60. Other Definitions ............................................................................................6

ARTICLE 2. CLASSIFICATION OF CLAIMS AND INTERESTS ...........................7

2.1. Class 1 ............................................................................................................7

2.2. Class 2 ............................................................................................................7

2.3. Class 3 ............................................................................................................7

Class 3 consists of the Allowed General Unsecured Claims. ....................................7

2.4. Class 4 ............................................................................................................7

ARTICLE 3. TREATMENT OF CLAIMS AND INTERESTS ..................................7

3.1.1 Administrative Claims Generally ..................................................................7

3.1.2 Class 1 Priority Tax Claims. ........................................................................8

      3.2.1   Class 2 Allowed Secured Claims of Adena Clayton and All Star ...................8

3.2.     .............................................................................................................................9

      3.2.2   Class 3 Allowed Unsecured Claims ...............................................................9

3.3.   Impaired Classes of Claims and Interests.................................................................9

      3.3.1   Class 4 Allowed Interests .............................................................................9

ARTICLE 4. IMPAIRED CLASSES OF CLAIMS AND INTERESTS ENTITLED TO VOTE..9

4.1.   Acceptance by an Impaired Class ..........................................................................10

4.2.   Presumed Acceptances by Unimpaired Classes.....................................................10

ARTICLE 5. MEANS FOR IMPLEMENTATION OF THE PLAN .........................................10

5.1.   Implementation of the Plan....................................................................................10

5.2.   Vesting/Transfer of Property to Reorganized Debtor and Preservation of Certain Causes of Action ..................................................................................................................10

5.3.   Corporate Action....................................................................................................10

5.5.   Distribution ............................................................................................................11

5.6.   Unclaimed Distributions.........................................................................................11

5.7.   Means of Cash Payment .........................................................................................11

5.8.   Effect of Appeals ...................................................................................................11

5.9.   Release of Liens .....................................................................................................11

5.10.  Exemption from Certain Taxes ...............................................................................11

ARTICLE 6. CLAIMS RESOLUTION ..................................................................................12

6.1.   Deadline for Filing of Administrative Claims .......................................................12

6.2.   Exclusive Right to Object to Claims ......................................................................12

6.3.   Time Limit for Filing Objections to Claims ..........................................................12

ARTICLE 7. TREATMENT OF EXECUTORY CONTRACTS & UNEXPIRED LEASES ....12

7.1.   Assumption and Rejection of Executory Contracts ...............................................12

7.2.   Claims for Rejection Damages ...............................................................................13

7.3.   Cure Amounts Under Assumed Executory Contracts and Resolution of Disputes Regarding Applicable Cure Amounts ........................................................................................13

7.4.   Reinstatement and Continuation of Insurance Policies ..........................................13

ARTICLE 8. CONFIRMATION PURSUANT TO § 1129(B) OF THE BANKRUPTCY CODE .......................................................................................................................................14

ARTICLE 9. CONDITIONS TO CONSUMMATION OF THE PLAN ....................................14

9.1.   Conditions to Effective Date .................................................................................14

9.2.   Waiver of Conditions to Consummation ................................................................14

9.3.   Effect of Failure or Absence of Waiver of Conditions Precedent to the Effective Date of the Plan ......................................................................................................................15

ARTICLE 10. EFFECTS OF CONFIRMATION .....................................................................15

10.1.  Binding Effect of Plan ................................................................................................. 15

10.2.  No Discharge of the Debtor .......................................................................................... 15

10.3.  Injunction ...................................................................................................................... 15

        10.3.1  Discharged Claims and Terminated Interests ................................................. 15

        10.3.2  Released Claims ............................................................................................. 16

10.5.  Other Documents and Actions ...................................................................................... 16

10.6.  Term of Injunction or Stays ......................................................................................... 16

10.7.  Preservation of Insurance ............................................................................................ 17

10.8.  Subordination Rights .................................................................................................... 17

10.9.  No Successor Liability .................................................................................................. 17

ARTICLE 11. RETENTION OF JURISDICTION ...................................................................... 17

ARTICLE 12. MISCELLANEOUS PROVISIONS ..................................................................... 19

12.1.  Payment of Statutory Fees ........................................................................................... 19

12.2.  Modifications and Amendments ................................................................................... 19

12.3.  Severability of Plan Provisions .................................................................................... 19

12.4.  Successors and Assigns ................................................................................................ 20

12.5.  Binding Effect ............................................................................................................... 20

12.6.  Revocation, Withdrawal, Cram-Down or Non-Consummation .................................... 20

12.7.  Notices .......................................................................................................................... 20

12.8.  Injunctions or Stays ...................................................................................................... 21

12.9.  Business Days ............................................................................................................... 21

12.10. Governing Law ............................................................................................................. 22

## FIRST AMENDED PLAN OF REORGANIZATION

## INTRODUCTION

Amy Electric, Inc., as debtor and debtor-in-possession (the "Debtor"), hereby proposes the following Second Amended Plan of Reorganization ("Plan") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

The Plan provides for the payment of certain creditor claims through the continued operation of the business. Specifically, the Plan provides for two classes of secured claims and a class of unsecured claims. The treatment of each class is set forth in detail herein. The Plan also provides for the payment in full of administrative and priority claims, including priority tax claims, fees due the United States Trustee and estate professionals.

## ARTICLE 1. DEFINITIONS

For purposes of this Plan and to the extent not otherwise provided herein, the terms below shall have the respective meanings hereinafter set forth and, unless otherwise indicated, the singular shall include the plural and capitalized terms shall refer to the terms as defined in this Article.

**1.1.** **"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in § 503(b) including, but not limited to: (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating the business of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (b) Professional Fee Claims; (c) all fees and charges assessed against the Estate under 28 U.S.C. § 1930; (d) Claims of a creditor related to the recovery of property for the benefit of the Estate; and (e) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under § 503 of the Bankruptcy Code.

**1.2.** **"Administrative Bar Date"** means the date that is thirty (30) days after the Effective Date of this Plan, or such other time as may be set by the Court.

**1.3.** **"Affiliate"** means with respect to any Person, all Persons that would fall within the definition assigned to such term section 101(2) of the Bankruptcy Code as if such Person was a debtor in a case under the Bankruptcy Code.

**1.4.** **"Allowed"** means, with reference to any Claim, (a) any Claim against Debtor that has been listed in its Schedules, as such Schedules may have been amended by Debtor from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent, and with respect to which no contrary proof of claim has been filed, (b) any Claim specifically allowed under the Plan, (c) any Claim the amount or existence of which has been determined or allowed by a Final Order, or (d) any Claim as to which a proof of claim has been timely filed before the Bar Date, provided that at the time of the Effective Date the Debtor, the Committee or the Plan Administrator have not identified such Claim as being objectionable in part or in whole and no objection to the allowance thereof has been filed by the Claims Objection Deadline; provided, however, that the term Allowed, with reference to any Claim, shall not include (x) any unliquidated

claim or (y) interest or attorneys' fees on or related to any Claim that accrues from and after the Petition Date unless otherwise expressly provided for in the Plan.

**1.5.**    "**Allowed Claim**" means a Claim that is Allowed.

**1.6.**    "**Ballot**" means the form of ballot accompanying the Disclosure Statement upon which Holders of Impaired Claims and Interests entitled to vote on the Plan shall, among other things, indicate their acceptance or rejection of the Plan in accordance with the instructions regarding voting.

**1.7.**    "**Bankruptcy Code**" means title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., and all amendments thereof applicable to the Chapter 11 Case.

**1.8.**    "**Bankruptcy Court**" means the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, before which the Debtor's Chapter 11 Case is pending.

**1.9.**    "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, as the same may be amended and modified from time to time, and applicable to the Chapter 11 Case.

**1.10.**    "**Business Day**" means any day other than a Saturday, Sunday or "legal holiday" as that term is defined at Bankruptcy Rule 9006(a).

**1.11.**    "**Cash**" means legal tender of the United States of America, or Cash equivalents, including currency, checks, and wire transfers of immediately available funds.

**1.12.**    "**Causes of Action**" means all Claims and any and all manner of actions, causes of action in law or in equity, suits, adversary proceedings, contested matters, litigation, objections, debts, Liens, contracts, liabilities, demands, rights, obligations, damages, loses, fees, costs, expenses, set-offs, defenses, counter-claims, cross-claims, third-party claims, or claims for recoupment, of any nature whatsoever, known or unknown, fixed or contingent, now owned or hereafter acquired or controlled by the Debtor or its Estate, whether arising under any contract or under the Bankruptcy Code or other federal or state law, including without limitation, any Causes of Action arising under §§ 502, 506, 509, 510, 542, 543, 544, 545, 546, 547, 548, 549, 550,551,552,553 or 554 of the Bankruptcy Code, regardless of whether or not such Causes of Action have been commenced, pursued or asserted prior to the Effective Date.

**1.13.**    "**Chapter 11 Case**" means the case under chapter 11 of the Bankruptcy Code filed by the Debtor including all adversary proceedings pending in connection therewith.

**1.14.**    "**Claim**" has the same meaning as that term is defined in § 101(5) of the Bankruptcy Code.

**1.15.**    "**Claims Bar Date**" means: (i) with respect to Claims arising from the rejection of an Executory Contract or unexpired lease pursuant to the Plan, 15 days after the earlier of the date the Bankruptcy Court's order approving the rejection of such Executory Contract or unexpired lease is docketed or the Confirmation Date; (ii) with respect to Professional Fee Claims, 30 days after the Effective Date of this Plan or such other date set by the Court; (iii) with respect to Claims of

governmental units,        , 2018; and (iv) with respect to all other Claims against the Debtor,        ,
2018.

      **1.16.**      "**Claims Objection Deadline**" means the ninetieth (90th) day after the Effective
Date, which shall be the deadline by which the Reorganized Debtor or Plan Administrator must
interpose an objection to any Claim, or such Claim shall be deemed an Allowed Claim pursuant to
the Plan; provided, however: (i) the Reorganized Debtor or Plan Administrator, for cause shown, may
be granted an extension of this deadline by the Bankruptcy Court; and (ii) the Reorganized Debtor's
or Plan Administrator's failure to timely interpose an objection to a Claim shall not constitute a waiver
of any legal or equitable rights of setoff or any rights or remedies arising under 11 U.S.C. § 502(j).

      **1.17.**      "**Class**" means any group of Holders of Claims or Interests as classified in Article
2 of the Plan.

      **1.17B.**      "**Confirmation**" means entry of an Order by the Bankruptcy Court confirming this
Plan in accordance with § 1129 of the Bankruptcy Code.

      **1.18.**      "**Confirmation Date**" means the date on which the Confirmation Order is entered
on the docket maintained by the clerk of the Bankruptcy Court.

      **1.19.**      "**Confirmation Hearing**" means the duly-noticed hearing held by the Bankruptcy
Court pursuant to § 1128 of the Bankruptcy Code to consider confirmation of the Plan. The
Confirmation Hearing may be adjourned by the Bankruptcy Court from time to time without further
notice other than the adjourned date of the Confirmation Hearing.

      **1.20.**      "**Confirmation Order**" means the Order entered by the Bankruptcy Court
confirming the Plan pursuant to § 1129 of the Bankruptcy Code.

      **1.21.**      "**Debtor**" means the Debtor identified in the caption for this Chapter 11 Case.

      **1.22.**      "**Disclosure Statement**" means the document filed, or to be filed, in connection
with the Plan pursuant to § 1125 of the Bankruptcy Code and approved by the Bankruptcy Court as
containing "adequate information" as that term is defined in § 1125(a)(1) of the Bankruptcy Code,
and any exhibits annexed thereto and any documents delivered in connection therewith, as the same
may be amended from time to time by any duly authorized amendment or modification.

      **1.23.**      "**Disputed Claim**" means any (i) Claim which is not an Allowed Claim,
including, without limitation, any Claim designated as disputed, contingent or unliquidated in
Debtor's schedules filed in connection with this Chapter 11 Case; (ii) Claim against which an
objection to the allowance thereof has been, or will be interposed prior to the Claims Objection
Deadline, and as to which no Final Order has been entered; (iii) Claim which is the subject of one or
more Causes of Action pending against the Holder of such a Claim; or (iv) Claim which is disallowed
pursuant to § 502(d) of the Bankruptcy Code.

      **1.24.**      "**Distribution**" means any distribution made pursuant to the Plan from the Estate,
including payments made pursuant to the Plan to Holders of Administrative and Priority Claims.

1.25.    **"Effective Date"** means the first Business Day following the date on which all conditions to consummation of the Plan set forth herein have been satisfied or waived, provided that no stay of the Confirmation Order is then in effect.

1.26.    **"Effective Date Cash"** means all of Debtor's Cash on hand as of the Effective Date, including but not limited to all funds in Debtor's bank accounts and in reserve.

1.27.    **"Entity"** shall have the meaning assigned in § 101 (15) of the Bankruptcy Code.

1.28.    **"Estate"** means the estate of the Debtor created in the Debtor's Chapter 11 Case pursuant to § 541 of the Bankruptcy Code.

1.29.    **"Estate Assets"** shall mean, collectively, all of the legal and equitable rights in and to all assets, property, interests and affects, real and personal, tangible and intangible, wherever situated, held at any time by the Estate of the Debtor including, without limitation, all Causes of Action or other Claims belonging to the Estate or the Debtor or belonging to any Creditor.

1.30.    **"Executory Contract"** means any executory contract or unexpired lease of real or personal property, as contemplated by §§ 365, 1113 and 1114 of the Bankruptcy Code, in effect on the Petition Date, between Debtor and any Person, and including, without limitation, any written employment agreements or plans and employee benefit plans and agreements.

1.31.    **"Final Decree"** means a Final Order of the Bankruptcy Court closing the Chapter 11 Case.

1.32.    **"Final Distribution"** means the Distribution which exhausts the Debtor's Estate.

1.33.    **"Final Order"** means an order or judgment entered by the Court, or another court of competent jurisdiction, in connection with the Chapter 11 Case or proceedings therein, which has not been reversed, stayed, modified or amended and as to which the time to appeal or to seek certiorari, review or rehearing is pending, or as to which any right to appeal or to seek certiorari, or review of rehearing has been waived in writing in a manner satisfactory to the Plan Transferee.

1.34.    **"General Unsecured Claim"** shall mean the principal amount (i.e. excluding interest) of a Claim arising on or before the Petition Date that is neither an Administrative Claim, Priority Tax Claim, Secured Claim or Insider Claim.

1.35.    **"Holder"** means the beneficial owner of any Claim or Interest.

1.36.    **"Impaired"** means, when used with reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of § 1124 of the Bankruptcy Code.

1.37.    **"Initial Distribution Date"** means the Business Day that is ninety (90) days after the Effective Date.

1.38.    **"Insider"** means an "insider" as defined in § 101(31) of the Bankruptcy Code.

1.39.    **"Insider Claim"** means any Claim of an Insider against the Debtor.

~ 4 ~

**1.40.**    "**Interest**" means any "equity security" interest in the Debtor or any "equity security holder" as those terms are defined in §§ 101 (16) and (17) of the Bankruptcy Code.

**1.41.**    "**Lien**" shall mean (with respect to any interest in property) any mortgage, lien, pledge, charge, security interest, hypothecation, constructive or other trusts, or encumbrance of any kind whatsoever in respect of or affecting such interests in property, and includes the rights of a creditor to setoff, under § 553 of the Bankruptcy Code, to the extent of the amount subject to setoff, as provided in § 506(a) of the Bankruptcy Code.

**1.42.**    "**Person**" means an individual, corporation, partnership, joint venture, trust, estate, unincorporated association, unincorporated organization governmental entity, or political subdivision thereof, or any other Entity.

**1.43.**    "**Petition Date**" means March 7, 2018.

**1.44.**    "**Plan**" means this plan, and any exhibits, appendices and schedules hereto, the Plan Supplement and any documents delivered in connection herewith as the same may be amended from time to time by any duly authorized amendment or modification.

**1.45.**    "**Priority Tax Claim**" means an Allowed Claim that is entitled to priority under § 507(a)(8) of the Bankruptcy Code.

**1.46.**    "**Professional**" means any professional or person duly employed or appointed in the Chapter 11 Case, pursuant to §§ 327, 330, 1103 or 1104 of the Bankruptcy Code or otherwise, and any Professional seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to § 503(b)(4) of the Bankruptcy Code.

**1.47.**    "**Professional Fee Claim**" means a Claim of a Professional for compensation or reimbursement of costs and expenses relating to services incurred after the Petition Date and prior to and including the Effective Date.

**1.48.**    "**Pro Rata**" means the ratio of an Allowed Claim in a particular Class and payable by the Estate to the aggregate amount of all Allowed Claims in that Class and payable by the Estate.

**1.49.**    "**Reinstated**" or "**Reinstatement**" means: (a) leaving unaltered the legal, equitable, and contractual rights to which a Claim entitles the Holder of such Claim so as to leave such Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code; or (b) notwithstanding any contractual provision or applicable law that entitles the Holder of such Claim to demand or receive accelerated payment of such Claim after the occurrence of a default (i) curing any such default that occurred before or after the Petition Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code; (ii) reinstating the maturity of such Claim as such maturity existed before such default; (iii) compensating the Holder of such Claim for any damages incurred as a result of any reasonable reliance by such Holder on such contractual provision or such applicable law; and (iv) not otherwise altering the legal, equitable, or contractual rights to which such Claim entitled the Holder of such Claim; provided, however, that any contractual right that does not pertain to the payment when due of principal and interest on the obligation on which such Claim is based, including, but not limited to, financial covenant ratios, negative pledge covenants, covenants or restrictions on merger or consolidation, and affirmative covenants regarding corporate existence

~ 5 ~

or which prohibit certain transactions or actions contemplated by the Plan, or conditioning such transactions or action on certain factors, shall not be required to be reinstated in order to accomplish Reinstatement.

**1.50.** **"Rejection Claims"** means claims of any non-Debtor counterparty to any unexpired lease of nonresidential real property or any executory contract arising on account of the rejection of such lease or contract during the administration of this Chapter 11 Case under section 365 of the Bankruptcy Code or pursuant to the Plan.

**1.51.** **"Reorganized Debtor"** means a new entity to be named Amy Electric, Inc.

**1.53.** **"Retained Actions"** means any and all claims, demands and causes of action, including all of the claims of the kind specified in Sec. 544, 547, 548, 549, 550, 551 and 553(b) of the Code accruing prior to the Effective Date in respect of Debtor against any person, entity, and further including those claims, demands and causes of action listed in Exhibit 1 to the Plan.

**1.54.** **"Schedules"** means the Schedules of Assets and Liabilities of the Debtor as filed with the Bankruptcy Court, as same may have been modified, amended and/or restated as of the date of this Plan.

**1.55.** **"Secured Claim"** means a Claim of a creditor that is secured by a valid Lien upon any Estate Assets, to the extent of the value of the creditor's interest in the Estate's interest in such property, as provided in § 506(a) of the Bankruptcy Code.

**1.56.** **"Subordinated Claim"** means a Claim subordinated pursuant to § 510(a), (b) or (c) or § 723 of the Bankruptcy Code including, without limitation, any claim which the Bankruptcy Court determines to be subordinate to any other Claim or class of Claims.

**1.57.** **"Unclaimed Distribution"** means any Distribution of Cash or any other property made to the Holder of an Allowed Claim pursuant to the Plan that is returned to the Plan Administrator as undeliverable and no appropriate forwarding address is received prior to the date on which the Final Decree is entered in the Chapter 11 Case, in the case of a distribution made in the form of a check, is not negotiated and no request for reissuance is made as provided for in Section 5.05 of the Plan.

**1.58.** **"Unimpaired"** means any Claim that is not Impaired within the meaning of section 1124 of the Bankruptcy Code.

**1.59.** **"Voting Deadline"** means the deadline for voting to either accept or reject the Plan as fixed by the Bankruptcy Court.

**1.60.** **Other Definitions**. Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Bankruptcy Code, the Bankruptcy Rules or the Disclosure Statement shall have the meaning set forth therein. A singular noun or pronoun when used herein shall include the plural, and the plural shall include the singular, as the context may require. Masculine, feminine and neuter genders shall include such other genders as are appropriate. The word "or" is not exclusive.

## ARTICLE 2
## CLASSIFICATION OF
## CLAIMS AND INTERESTS

In accordance with § 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified, and the respective treatment of such unclassified Claims is set forth below.

A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class. A Claim or Interest may be and is classified in other Classes to the extent that any portion of the Claim or Interest falls within the description of such other Classes. A Claim or Interest is also placed in a particular class only to the extent that such Claim or Interest is an Allowed Claim or Interest in that Class and such Claim or Interest has not been paid, released, or otherwise settled prior to the Effective Date.

### Classification of Claims and Interests.

. 

Class 1 consists of the Allowed Priority  Tax Claims

. 

Class 2 consists of the Allowed Secured Claims

. 

Class 3 consists of the Allowed General Unsecured Claims.

. 

Class 4 consists of the Allowed Interests.

## ARTICLE 3. TREATMENT OF CLAIMS AND INTERESTS

**3.1** Administrative Claims Generally.

Except as otherwise provided for herein, on, or as soon as reasonably practicable after, the latest of: (i) the Initial Distribution Date; (ii) the date such Administrative Claim becomes an Allowed Administrative Claim; or (iii) the date such Administrative Claim becomes payable pursuant to any agreement between the Reorganized Debtor and the Holder of such Administrative Claim, each Holder of an Allowed Administrative Claim not already paid in the ordinary course of business shall receive in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Administrative Claim: (x) Cash equal to the unpaid

~ 7 ~

portion of such Allowed Administrative Claim; or (y) such other treatment such Holder shall have agreed upon in writing.

**Professional Fee Claims.**

Professional Fees shall be paid as follows:

Debtor's Attorney:

The Debtor's attorney estimates that the attorney fees from the petition date of March 7, 2018 through the date of confirmation shall be $25,000.00. The Debtor's attorney has been granted an allowance for compensation and expenses from March 7, 2018 through July 26, 2018 by this Court in the amount $13,306.40. (ECF Doc. No. 49)  The Debtor's attorney had $5,242.00 in its IOLTA account which has since been applied to said fees.
 The Debtor's attorney contemplates having these remaining estimated fees and expenses of $11,700.00 be paid partially from pre-confirmation monies earned by the Debtor and any remaining balance, along with any post-confirmation attorney fees,  to be paid at $1,000 per month as delineated in Debtor's Exhibit D to this Second Amended Disclosure Statement and upon application and approval of the Bankruptcy Court.

## 3.1 Unimpaired Claims

**3.1.1** Class 1 Priority Tax Claims.

Class 1 consists of the Allowed Priority Tax Claims of the Internal Revenue Service, Ohio Department of Jobs and Family Services, Illinois Department of Revenue, Ohio Department of Taxation, City of Heath, Illinois Department of Employment Security, Ohio Bureau of Workers' Compensation, City of Newark, Grove City, and City of Columbus.

 The Allowed Priority Claim of the Internal Revenue Service in the amount of $103,089.72 shall be paid quarterly at an interest rate of 5% in the amount of $6,515.37 over a period of 53 months pursuant to 11 U.S.C. 1129 (a)(9)(C).

 The remaining Allowed Priority Claims in the amount of  52,630.36 shall  be paid over a period of 53 months, in the amount of $3,254.91  per quarter at an interest rate of 4% pursuant to 11 U.S.C. 1129 (a)(9)(C).

## 3.2  Impaired Claims

**3.2.1**  Class 2 Allowed Secured Claims .

Class 2 consists of the Allowed Secured Claims of Adena Clayton and All Star which are secured by its Liens and security interests upon a 2003 Dodge Dakota and 1998 Ford E-250 respectively.  Class 2 also consists of the Allowed Secured Claim of the Internal Revenue Service pursuant to the Agreed Order for Use of Cash Collateral (ECF Doc. No. 36)

Debtor shall pay the Allowed Secured Claim of Adena Clayton at $300.00 per month for (5) five months for a total of $1,500.00.   Debtor shall pay the Allowed Secured Claim of All Star at $100 per month for (5) five months for a total of $500.00.

Debtor has paid for 7 months, the amount of $1,300.00 per month to the Internal Revenue Service,  pursuant to the Agreed Order for Use of Cash Collateral, and will continue to pay the Allowed Secured Claim of the Internal Revenue Service of $69,035.13 the quarterly amount of $4,363.08 at an interest rate of 5% for the next 53 (fifty-three) months.

**3.2.2**  Class 3 Allowed General Unsecured Claims.

General Unsecured Claims of creditors of the Debtor, in the amount of $130,975.80 and shall be paid on a pro rata basis in the amount of $6,548.79 quarterly for a period of 60 (sixty) months.

**3.3**     **Impaired Classes of Claims and Interests.**

**3.3.1** Class 4 Allowed Interests**.**  Class 4 consists of Allowed Interests of equity interest Holders of the Debtor.  All Allowed Interests shall receive no Distributions under the plan.  The equity interest holder of the Debtor is  Michael Yoder.  Mr. Yoder shall not be paid any monies pursuant to the Plan but shall retain equity interest in the Reorganized debtor.

**ARTICLE 4.   IMPAIRED CLASSES OF CLAIMS AND INTERESTS ENTITLED TO VOTE**

Only Impaired Classes of Claims are entitled to vote on the Plan. Claim and Interest Holders in each Impaired Class of Claims or Interests are entitled to vote as a Class to accept or reject the Plan except Class 4 Allowed Interests who are deemed to reject the Plan because Holders of Allowed Class 4 Allowed Interests are receiving no Distributions under the Plan.

**4.1.      Acceptance by an Impaired Class**.

In accordance with § 1126(c) of the Bankruptcy Code and except as provided in §  1126(e) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted the Plan if the Plan is accepted by the Holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject the Plan.

**4.2.      Presumed Acceptances by Unimpaired Classes**.

Holders of Claims in Class 1 are unimpaired, presumed to have accepted the Plan and are not entitled to vote upon the Plan.

**ARTICLE 5.  MEANS FOR IMPLEMENTATION OF THE PLAN**

**5.1.      Implementation of the Plan**.

The Reorganized Debtor will implement and consummate the Plan through the means contemplated by §§ 1141 and 1142 of the Bankruptcy Code.

**5.2.      Vesting/Transfer of Property to Reorganized Debtor and Preservation of Certain Causes of Action**

Except as specifically provided in this Plan, on the Effective Date, in accordance with § 1141(c) of the Bankruptcy Code, all of the Debtor's assets shall be irrevocably vested, assigned, transferred and conveyed to the Reorganized Debtor. On the Effective Date and in accordance with § 1123(b)(3)(B) of the Bankruptcy Code, the Reorganized Debtor shall be vested with, receive, retain and may (but is not required to) enforce all Causes of Action except as otherwise provided herein.  In regard to Causes of Action pending on the Effective Date, the Reorganized Debtor shall be deemed to be substituted as a party in the name and place of the Debtor named in such Causes of Action.  The Reorganized Debtor shall hold, and its responsible officer shall be entitled to exercise, enforce and/or waive any and all attorney-client and work product privileges and any other applicable privileges, immunities and rights of the Debtor attaching to any documents or communications (whether written or oral).

**5.3.      Corporate Action, Corporate Charter Provision and Post Confirmation Insiders Provision.**

The entry of the Confirmation Order shall constitute authorization for the Reorganized Debtor to take or to cause to be taken all corporate actions necessary or appropriate to consummate and implement the provisions of the Plan prior to, on, and after the Effective Date, including, without limitation, the entry into new corporate governance documents, and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court.  All such actions shall be deemed to have occurred and shall be in effect pursuant to

~ 10 ~

applicable non-bankruptcy law and the Bankruptcy Code, without any requirement of further action by the shareholders or officers of the Reorganized Debtor.

The Debtor is to include in its corporate charter that it is prohibited from the issuance of nonvoting equity securities pursuant to § 1123(a)(6) of the Bankruptcy Code. There is only one class of equity securities for the Debtor.

The Plan contains only provisions that are consistent with the interests of creditors and equity security holder and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to any such officer, director, or trustee.

### 5.4.      **Distribution**.

Distribution to Holders of Allowed Claims shall be made in accordance with the Plan and the Confirmation Order.

### 5.5.      **Unclaimed Distributions**.

Pursuant to § 347(b) of the Bankruptcy Code, all Unclaimed Distributions made under the Plan shall become property of the Reorganized Debtor and shall be Distributed to Holders of Allowed Claims as otherwise provided in the Plan.

### 5.6.      **Means of Cash Payment**.

Distribution made pursuant to this Plan shall be paid by checks drawn on an account maintained by the Reorganized Debtor.  The Reorganized Debtor shall not be required to issue a check or make a payment on a Claim or Interest if the amount of such check or payment is less than $10.00.

### 5.7.      **Effect of Appeals**.

Unless the Confirmation Order is stayed pending appeal, at the option of the Reorganized Debtor, this Plan may be consummated notwithstanding the pendency of an appeal from the Confirmation Order, or the timely service of filing a motion under Bankruptcy Rules 7052, 8002, 8003, 8015, 9023 or 9024.

### 5.8.      **Release of Liens**.

Except as otherwise provided in this Plan or any contract, instrument, release, indenture, or other agreement or document created in connection with this Plan, all Liens against the Estate Assets shall be fully and completely released and discharged upon completion of the Plan.  Holders of all Liens upon Estate Assets shall execute those documents required by the Reorganized Debtor to release any and all Liens. In the event they refuse to do so, the Reorganized Debtor shall be authorized to execute the documents necessary to effectuate the release of all such Liens.

### 5.9.      **Exemption from Certain Taxes**.

Pursuant to § 1146(c) of the Bankruptcy Code, all transactions, including the transfers described in [Article 5.2] hereof, and the delivery and recordation of any instrument, under, in furtherance of, or in connection with this Plan, shall not be subject to any stamp tax, real estate transfer tax or similar transfer fee or tax.

## ARTICLE 6.   CLAIMS RESOLUTION

**6.1.     Deadline for Filing of Administrative Claims**.

Any person asserting an Administrative Claim (other than Professional Fee Claims) that has not been paid in the ordinary course of business, shall file an application therefore with the Bankruptcy Court not later than the Administrative Claim Bar Date.

Objections to Administrative Claims shall be filed in the time set by the Bankruptcy Court. All Administrative Claims which are not allowed in the Plan shall be Allowed Administrative Claims only to the extent allowed by the Bankruptcy Court in a Final Order.

**6.2.     Exclusive Right to Object to Claims**.

As of the Effective Date of the Plan, the Reorganized Debtor shall have the exclusive right to file, serve, prosecute and settle objections to Claims.

**6.3.     Time Limit for Filing Objections to Claims**.

Objections to Claims (other than Administrative Claims) shall be filed with the Bankruptcy Court and served upon each Holder of the Claims to which objections are made not later than the Claims Objection Bar Date, or such later date as the Bankruptcy Court may order with respect to a particular Claim or group of Claims.

The resolution of any objection to a Claim shall be governed by the Bankruptcy Code, the Bankruptcy Rules, the Confirmation Order, the Plan or such provisions as may be established by the Bankruptcy Court.

## ARTICLE 7.   TREATMENT OF EXECUTORY CONTRACTS & UNEXPIRED LEASES

**7.1.     Assumption and Rejection of Executory Contracts**.

On the Effective Date, all Executory Contracts other than Executory Contracts listed in the Schedule of Assumed Contracts, and all other written employment agreements, severance contracts and employee benefit or retirement or supplemental retirement benefit plans and agreements and unexpired leases of the Debtor that have not been the subject of a motion or order to assume pending the occurrence of the Effective Date, shall be deemed rejected as of the Effective Date.  Each Executory Contract assumed pursuant to this Article 7 and set forth in the Schedule of Assumed Contracts shall revest in, and be fully enforceable by, the Reorganized Debtor in accordance with the terms thereof.

~ 12 ~

**7.2.        Claims for Rejection Damages**.

Each Person who is a party to an Executory Contract which is rejected pursuant to this Plan, shall be entitled to file a proof of claim for damages alleged to have arisen from the rejection of the Executory Contract to which such Person is a party. All proofs of claim with respect to Claims arising from the rejection of any Executory Contract shall be filed with the Bankruptcy Court within 15 days after the earlier of (i) the date of the Bankruptcy Court order approving the rejection of such Executory Contract; or (ii) the Confirmation Date. Objections to any such proof of claim shall be filed by the Claims Objection Bar Date.

**7.3.        Cure Amounts Under Assumed Executory Contracts and Resolution of Disputes Regarding Applicable Cure Amounts**.

Any monetary amount by which any Executory Contract set forth in the Schedule of Assumed Contracts to be assumed pursuant to the Plan is in default shall be satisfied, in accordance with section 365(b)(1) of the Bankruptcy Code, by payment of such amount in Cash, on the Effective Date, or upon such other terms as the Reorganized Debtor and the non-debtor party to such Executory Contract may otherwise agree. In the event of a dispute regarding (i) the amount(s) required to cure any defaults under an Executory Contract assumed by the Reorganized Debtor or (ii) the ability of the Reorganized Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract to be assumed, the assumption of such Executory Contract shall be conditioned upon resolution of such dispute (the "Dispute Resolution") by the Court. The Reorganized Debtor reserves the right either to reject or nullify the assumption of an Executory Contract that is subject to the Dispute Resolution no later than ten (10) days after a Final Order determining the cure amount or any request for adequate assurance of future performance. Any payments required under section 365(b)(1) of the Bankruptcy Code, if any, shall be made as soon as reasonably practicable following the entry of a Final Order resolving such dispute, or as the Reorganized Debtor and the non-debtor party to such Executory Contract may otherwise agree.

**7.4.        Reinstatement and Continuation of Insurance Policies**.

Unless otherwise assumed during the pendency of the Chapter 11 Case, from and after the Effective Date, each of the Debtor's insurance policies in existence on and as of the Effective Date shall be reinstated and continued in accordance with its terms and, to the extent applicable, shall be deemed assumed by the Reorganized Debtor pursuant to section 365 of the Bankruptcy Code.

Confirmation of the Plan shall not diminish or impair the enforceability of any insurance policy that may cover Claims against the Debtor, the Reorganized Debtor (including, without limitation, their respective managers, officers and directors) or any other person or entity. Notwithstanding any other provision of the Plan or the Confirmation Order, nothing in the Plan shall (i) impair (2) the right of any insurer to defend against any claim asserted against such insurer, (x) an insurer's status as a secured creditor to the extent applicable under the terms of the Plan, including the right to recover from any Collateral (in accordance with the applicable insurance policy), (y) an insurer's right to draw on third-party letters of creditor (in accordance with the terms of the applicable insurance policy and letter of credit) or (z) any insurer's right of setoff pursuant to section 553 of the Bankruptcy Code to the extent applicable and/or (ii) affect an insurer's right

to seek arbitration of disputes between the Debtor and such insurer to the extent provided for under the terms of the applicable insurance agreement.

**ARTICLE 8.
CONFIRMATION PURSUANT
TO § 1129(B) OF THE
BANKRUPTCY CODE**

To the extent that any Impaired Class rejects the Plan or is deemed to have rejected the Plan, the Debtor will request Confirmation of the Plan, as it may be modified from time to time, under § 1129(b) of the Bankruptcy Code.

**ARTICLE 9.   CONDITIONS
TO CONSUMMATION OF THE
PLAN**

**9.1.      Conditions to Effective Date.**  The Plan shall not be consummated, and the Effective Date shall not occur, unless and until each of the following conditions have occurred or have been duly waived (if waivable) pursuant to Section 9.02 below:

(a)      the Bankruptcy Court shall have approved the information contained in the Disclosure Statement as adequate;

(b)      the Confirmation Order shall have been entered and become a Final Order and shall not be stayed by order of a court of competent jurisdiction;

(c)      the Bankruptcy Court shall have entered an order (contemplated to the be part of the Confirmation Order), which shall have become a Final Order, authorizing and directing the Debtor to take all actions necessary or appropriate to enter into, implement, and consummate the documents created, amended, supplemented, modified or adopted in connection with the Plan;

(d)      all authorizations, consents and regulatory approvals required, if any, in connection with the Plan's effectiveness shall have been obtained;

(e)      no order of any court shall have been entered and shall remain in effect restraining the Debtor from consummating the Plan;

(f)      all statutory fees then due the United States Trustee shall have been paid in full; and

(g)      all other actions and documents necessary to implement the Plan as of the Effective Date shall have been effected or duly executed and delivered to the required parties.

**9.2.      Waiver of Conditions to Consummation.**  The conditions to consummation in [Section 9.01 (other than Sections 9.01(a), 9.01(c) and 9.01(f))] may be waived at any time by a

writing signed by the Reorganized Debtor without notice or order of the Bankruptcy Court or any further action other than proceeding to consummation of the Plan.

**9.3.**      **Effect of Failure or Absence of Waiver of Conditions Precedent to the Effective Date of the Plan**.  In the event that one or more of the conditions specified in Section 9.1 of the Plan have not occurred (or been waived), upon notification submitted by the Reorganized Debtor to the Bankruptcy Court:  (a) the Confirmation Order, automatically and without further order of the Bankruptcy Court, shall be, and shall be deemed, vacated, null and void, with no force or legal effect whatsoever; (b) no Distributions under the Plan shall be made; (c) all Estate Assets shall revest in the Debtor's Estate; (d) the Debtor and all Holders of Claims and Interests shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date never occurred; and (e) the Debtor's obligations with respect to the Claims and Interests shall remain unchanged and nothing contained herein shall constitute or be deemed a waiver or release of any Claims or Interests by or against the Debtor or any other Person or Entity or to prejudice in any manner the rights of the Debtor or any Person or Entity in any further proceedings involving the Debtor.

**ARTICLE 10.  EFFECTS OF
CONFIRMATION**

**10.1.**      **Binding Effect of Plan**.  The provisions of the Plan shall be binding upon and inure to the benefit of the Debtor, the Estate, the Reorganized Debtor, any Holder of any Claim or Interest treated herein or any Person named or referred to in the Plan, and each of their respective heirs, executors, administrators, representatives, predecessors, successors, assigns, agents, officers and directors, and, to the fullest extent permitted under the Bankruptcy Code and other applicable law, each other Person affected by the Plan.

**10.2.**      **No Discharge of the Debtor** and Default.  Pursuant to section 1141(d)(3) of the Bankruptcy Code, entry of the Confirmation Order will not discharge Claims against the Debtor; provided however, no Holder of a Claim or Interest may, on account of such Claim or Interest, seek or receive any payment or other Distribution from, or seek recourse against, the Debtor, the Estate, the Estate Assets, Lender's Collateral or the Releasees, or their respective successors, assigns or the Properties, except as expressly provided in this Plan.

        If the Debtor defaults under the terms of the Plan the administrative collection powers and the rights of the Internal Revenue Service will be reinstated as they existed prior to filing of the bankruptcy petition, including, but not limited to, the filing of a Notice of Federal Tax Lien and the powers of levy, seizure, and sale under the Internal Revenue Code. A default shall be defined as a lack of plan  payment more than 30 days after a  quarterly payment was due.

**10.3.**      **Injunction**.

        **10.3.1 Discharged Claims and Terminated Interests**.  Except as otherwise expressly provided for in the Plan or the Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code, including sections 524 and 1141 thereof, the entry of the Confirmation Order shall, provided that the Effective Date occurs, permanently enjoin all Persons that have held, currently hold or may hold a

~ 15 ~

Claim or other debt or liability that is Impaired or an Interest or other right of an equity security holder that is Impaired or terminated pursuant to the terms of the Plan from taking any of the following actions against the Debtor, or it's respective property on account of any such discharged Claims, debts or liabilities or such terminated Interests or rights: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (b) enforcing, levying, attaching, collecting or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree or order; (c) creating, perfecting or enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind; (d) asserting any setoff, offset, right of subrogation or recoupment of any kind, directly or indirectly, against any debt, liability or obligation due to the Debtor; and (e) proceeding in any manner in any place whatsoever, including employing any process, that does not conform to or comply with or is inconsistent with the provisions of the Plan.

**10.3.2 Released Claims**. As of the Effective Date, the Confirmation Order shall constitute an injunction permanently enjoining any Person that has held, currently holds or may hold a Claim, demand, debt, right, Cause of Action or liability that is released pursuant to the Plan from enforcing or attempting to enforce any such Claim, demand, debt, right, Cause of Action or liability against (i) the Debtor, (ii) (ii) any Releasee, or (iv) any Exculpated Person, or any of their respective property based on, arising from or relating to, in whole or in part, any act, omission, or other occurrence taking place on or prior to the Effective Date with respect to or in any way relating to the Chapter 11 Case, all of which claims, demands, debts, rights, Causes of Action or liabilities shall be deemed released on and as of the Effective Date; *provided, however*, that with respect to the former directors, officers and employees of the Debtor, this injunction shall apply only to the enforcement of Claims, demands, debts, rights, Causes of Action or liabilities with respect to which such former directors, officers and employees would be entitled to indemnification from the Debtor under contract or law; and, *provided further, however*, that this injunction shall not apply to (a) any claims Creditors may assert under the Plan to enforce their rights thereunder to the extent permitted by the Bankruptcy Code or (b) any claims Creditors or other third parties may have against each other, which claims are not related to the Debtor, it being understood, however, that any defenses, offsets or counterclaims of any kind or nature whatsoever which the Debtor may have or asserted in respect of any of the claims of the type described in (a) or (b) of this Section 10.3.2.

**10.4.    Other Documents and Actions**. The Debtor shall be authorized and directed to execute such documents and take such other action as is necessary or appropriate to effectuate the transactions provided for or contemplated by or in the Plan.

**10.5.    Term of Injunction or Stays**. Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under section 362 of the Bankruptcy Code, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

**10.6.**     **Preservation of Insurance**.  Except as necessary to be consistent with the Plan, the Plan and the discharge provided herein shall not diminish or impair (a) the enforceability of insurance policies that may cover Claims against the Debtor or any other Person or Entity or (b) the continuation of any workers' compensation programs in effect, including self-insurance programs.

**10.7.**     **Subordination Rights**.  Any distributions under the Plan shall be received and retained free of and from any obligations to hold or transfer the same to any other Creditor, and shall be subject to levy, garnishment, attachment or other legal process by any Holder by reason of claimed contractual subordination rights, which rights shall be waived and the Confirmation Order shall constitute an injunction enjoining any Person from enforcing or attempting to enforce any contractual, legal or equitable subordination rights to property distributed under the Plan, in each case other than as provided in the Plan.

**10.8.**     **No Successor Liability**.  Except as otherwise expressly provided in the Plan, the Reorganized Debtor does not, pursuant to the Plan or otherwise, assume, agree to perform, pay, or indemnify or otherwise have any responsibilities for any liabilities or obligations of the Debtor or any other party relating to or arising out of the operations of or assets of the Debtor, whether arising prior to, on, or after the Effective Date.  The Reorganized Debtor is not, and shall not incur any liability as a, successor or transferee of any kind or character, except that the Reorganized Debtor shall assume only the obligations specified in the Plan and the Confirmation Order.

## ARTICLE 11.   RETENTION OF JURISDICTION

Under §§ 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

(a)     Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest not otherwise allowed under the Plan, including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the allowance or priority of Claims or Interests;

(b)     Hear and determine all applications for compensation and reimbursement of expenses of the Estate Professionals under the Plan or under §§ 330, 331, 503(b), 1103 and 1129(a)(4) of the Bankruptcy Code;

(c)     Hear and determine all matters with respect to the assumption or rejection of any Executory Contract to which Debtor is a party or with respect to which Debtor may be liable, including, if necessary, the nature or amount of any required cure of the liquidation or allowance of any Claim(s) arising therefrom;

(d)     Effectuate performance of and payments under the provisions of the Plan;

~ 17 ~

(e)     Hear and determine any and all adversary proceedings, motions, applications, requests for disgorgement and contested or litigated matters arising out of, under, or related to, the Chapter 11 Case;

(f)     Enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan, the Disclosure Statement or the Confirmation Order;

(g)     Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan, including disputes arising under agreements, documents or instruments executed in connection with the Plan;

(h)     Consider any modifications of the Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(i)     Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with implementation, consummation, or enforcement of the Plan or the Confirmation Order;

(j)     Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

(k)     Hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order;

(l)     Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Chapter 11 Case;

(m)     Except as otherwise limited herein, recover all assets of the Debtor and property of the Estate, wherever located;

(n)     Hear and determine matters concerning state, local, and federal taxes in accordance with §§ 346-505 and 1146 of the Bankruptcy Code;

(o)     Modify the Plan at the request of the Debtor and Committee and as provided by applicable law;

(p)     Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code;

(q)    Enter a Final Decree closing the Chapter 11 Case.

**ARTICLE 12.**
**MISCELLANEOUS**
**PROVISIONS**

**12.1.    Payment of Statutory Fees**.

Debtor intends to pay on or before the Effective Date all fees payable under 28 U.S.C. § 1930(a)(6) and 11 U.S.C. § 1129(a)(12). The Plan provides that after Confirmation, through the closing the Bankruptcy Case under § 350 of the Code and entry of a final decree pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure, Debtor will pay all fees payable under 28 U.S.C. § 1930(a)(6), and will timely file with the Court and serve, as required by Rule 3020-2 of the Local Bankruptcy Rules of the Court, a report, or reports, of the actions taken, the progress made toward the consummation of the Plan, and the time frame anticipated until a final report and motion for the entry of a final decree can be filed with the Court. All fees payable pursuant to section 1930 of Title 28 of the United States Code after the Effective Date shall be paid on a quarterly basis until the Chapter 11 case is closed, converted or dismissed. The reorganized Debtor shall liable for the payment of all quarterly fees due pursuant to section 1930 of Title 28 after the Effective Date.

**12.2.    Modifications and Amendments**.

At any time prior to the Confirmation Date, the Debtor may alter, amend, modify, revoke or withdraw the Plan or any Plan exhibit or schedule under § 1127(a) of the Bankruptcy Code, including any action to amend or modify the Plan to satisfy the requirements of § 1129(b) of the Bankruptcy Code, if necessary, in sole and absolute discretion. After the Confirmation Date and prior to the substantial consummation of the Plan, as defined in § 1101(2) of the Bankruptcy Code, the Debtor and Committee may, under § 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of the Plan, such that the proceedings do not materially adversely affect the treatment of Holders of the Claims under the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court.

**12.3.    Severability of Plan Provisions**.

If, prior to the Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, at the request of the Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of

the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### 12.4.    Successors and Assigns.

The rights, benefits and obligations of anyone named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Entity.

### 12.5.    Binding Effect.

The Plan shall be binding upon and inure to the benefit of each of the Debtor, all present and former Holders of Claims against and Interests in the Debtor, any of the Debtor's successors and assigns, including, without limitation, any Person receiving or entitled to receive payments or property under the terms of this Plan. In accordance with §1142(b) of the Bankruptcy Code, on and after the Effective Date, the Reorganized Debtor shall be deemed authorized and empowered to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by the Plan, and to perform any other act, including the release or satisfaction of any Lien, that is necessary for the consummation of the Plan.

### 12.6.    Revocation, Withdrawal, Cram-Down or Non-Consummation.

The Debtor reserves the right to revoke or withdraw the Plan at any time prior to the Confirmation Date and to file subsequent plans of reorganization. If the Debtor revokes or withdraws the Plan, or if Confirmation or consummation does not occur, then: (a) the Plan shall be null and void in all respects; (b) assumption or rejection of Executory Contracts affected by the Plan, and any document or agreement executed pursuant to the Plan shall be deemed null and void; and (c) nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall: (i) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Interests in, the Debtor or any other Person; (ii) prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor; or (iii) constitute an admission of any sort by the Debtor or any other Person.

The Debtor and Committee reserve any and all rights they may have under § 1129(b) of the Bankruptcy Code, notwithstanding any rejection of the Plan by any Class of Claims or Interests.

### 12.7.    Notices.

Any notice, request, or demand required or permitted to be made or provided to or upon the Debtor under the Plan shall be: (a) in writing and served by (i) certified mail, return receipt requested, (ii) hand delivery, (iii) overnight delivery service, (iv) first class mail, (v) facsimile transmission; or (vi) electronic mail, provided that any e-mail notice shall be deemed given on the next business day if transmitted after 5:00 p.m. prevailing local time of the recipient, and shall not be deemed given if an auto-response is received advising of the recipient's unavailability; and (b) deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

1.  Debtor:
Amy Electric, Inc.
15 A National Drive
P.O. Box 4038
Heath,  Ohio 43058

with a copy to:

Matthew J. Thompson
4876 Cemetery Road
Hilliard, Ohio 43026

**12.8.      Injunctions or Stays**.

Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under §§ 105 or 362 of the Bankruptcy Code or otherwise, and existing on the Confirmation Date (excluding any injunctions or stays contained in this Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. While the Debtor shall not receive a discharge under § 1141 of the Bankruptcy Code, all parties (including all Holders of Claims or Interests) bound by the Plan pursuant to § 1141(a) of the Bankruptcy Code are permanently enjoined, on and after the Effective Date, from:

(i)      commencing or continuing in any manner any action or other proceeding of any kind against the Debtor, the Reorganized Debtor, the Estate or the Estate Assets, with respect to any such Claim or Interest,

(ii)      the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor, the Reorganized Debtor, or the Estate Assets on account of any such Claim or Interest,

(iii)      creating, perfecting, or enforcing any encumbrance of any kind against the Debtor, the Reorganized Debtor, the Estate Assets or against the property or interests in property of the Debtor, the Reorganized Debtor, , or Estate Assets on account of any such Claim or Interest, and

(iv)      asserting any right of setoff: subrogation, or recoupment of any kind against any obligation due from the Debtor or the Reorganized Debtor on account of any such Claim or Interest.

**12.9.      Business Days**.  If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

~ 21 ~

**12.10.** **Governing Law**. EXCEPT TO THE EXTENT THAT THE BANKRUPTCY CODE OR BANKRUPTCY RULES OR OTHER FEDERAL LAWS ARE APPLICABLE, AND SUBJECT TO THE PROVISIONS OF ANY CONTRACT, INSTRUMENT, RELEASE, INDENTURE OR OTHER AGREEMENT OR DOCUMENT ENTERED INTO IN CONNECTION WITH THE PLAN, THE CONSTRUCTION, IMPLEMENTATION AND ENFORCEMENT OF THE PLAN AND ALL RIGHTS AND OBLIGATIONS ARISING UNDER THE PLAN SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF OHIO, WITHOUT GIVING EFFECT TO CONFLICTS-OF-LAW PRINCIPLES WHICH WOULD APPLY THE LAW OF A JURISDICTION OTHER THAN THE STATE OF OHIO.

*[Signatures on following page]*

Dated: October 26,  2018

Respectfully submitted,


Amy Electric, Inc.

By:    */s/Michael Yoder*

Name:  Michael Yoder

Title:   President

**EXHIBIT 1**

**RETAINED ACTIONS: Debtor has
no Retained Actions**